Adolphus Hunter LEE and Reiko S. Lee, husband and wife, Plaintiffs–Counter–defendants–Appellees,

v.

Lynol AMERO and Annette Holly Amero, husband and wife, in their personal capacities, and the marital community they comprise, Defendants–Counter–claimants–Appellants.

No. 00–35384.
D.C. No. CV–98–05692–JKA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2001.

Decided June 27, 2001.

Before BROWNING, WALLACE, and T.G. NELSON, Circuit Judges.

MEMORANDUM *

The collateral order doctrine confers jurisdiction upon this court to hear an interlocutory appeal from a denial of qualified immunity when the appeal is limited to questions of law.[1] Amero's argument that firing Lee was objectively reasonable because Lee performed his job so poorly is a factual one. We therefore lack jurisdiction to review that claim.[2]

By contrast, Amero's argument that he is entitled to qualified immunity because Lee failed to demonstrate a constitutional violation is a legal one properly subject to our review. We reject this argument because it conflates Lee's threshold burden with his ultimate burden. To survive a motion for summary judgment based on qualified immunity, Lee does not have to demonstrate that Amero's putative reasons for firing him were pretextual. As *Huskey v. City of San Jose* makes clear,

Lee merely needs to *"allege*[ ] facts which, *if true,* would constitute a deprivation of a constitutional right,"[3] and that right must be clearly established.[4] Both criteria are met here. Lee stated a constitutional violation by alleging that he was "fired by the defendant in December 1995 because of the defendant's racial animosity." The right not to be fired based on race has long been clearly established.[5] Thus, Lee's factual assertion fulfills his threshold burden and enables him to survive summary judgment on the basis of qualified immunity.

We decline to exercise pendent appellate jurisdiction over Amero's other claims. Lee is awarded his costs on appeal. Appellee's request for sanctions is denied.

AFFIRMED in part and DISMISSED in part.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Watkins v. City of Oakland,* 145 F.3d 1087, 1091 (9th Cir.1998); *Collins v. Jordan,* 110 F.3d 1363, 1370 (9th Cir.1996).

2. The determination of whether a reasonable [official] could have believed his conduct was lawful given the totality of the circumstances is a determination of law that can be decided on summary judgment *if* the material facts are undisputed. If, however, there is a material dispute as to ... the facts regarding what the [official] or the plaintiff actually did, the case must proceed to trial.

    *Collins,* 110 F.3d at 1369–70 (emphasis in original).

3. 204 F.3d 893, 899 (9th Cir.2000) (internal quotation marks and citation omitted) (emphasis added).

4. *Id.* at 899.

5. *See Lowe v. City of Monrovia,,* 775 F.2d 998, 1011 (9th Cir.1986).